UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DOUGLAS BARNES AND LORNA JOHNSON, )
    Plaintiffs, )
  vs. )
MBNA AMERICA BANK, N.A. and various JOHN AND JANE DOES, )
    Defendants. )

NO. 06-CV-352-JLQ

MEMORANDUM OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

**Before the Court** are Plaintiffs' Motion for Summary Judgment (Ct. Rec. 9) and Defendant's Counter-Motion for Summary Judgment (Ct, Rec. 14). Plaintiffs are proceeding *pro se.* Defendant is represented by Nicole M. Brodie. Having reviewed the record, and being fully advised in this matter, **It Is Hereby Ordered** that Plaintiffs's Motion for Summary Judgment is **Denied** and Defendant's Counter-Motion for Summary Judgment is **Granted** for the following reasons.

## Factual Background

Plaintiffs admit they were sued in state court for amounts owing on a credit card and a Judgment was entered against the Plaintiffs, which the Plaintiffs have refused to pay. It is Plaintiffs' position that MBNA, by and through counsel, committed fraud by preparing and submitting false documents with the intention that a court would rely on them and deprive the Plaintiffs of money and property worth not less than $16,595.57.

Plaintiffs then filed the Complaint herein and RICO Case Statement against MBNA America Bank and various John and Jane Does alleging that the Defendants had violated RICO, 18 U.S.C. §1962, et seq.. Plaintiffs claim that the Defendants used harassment, threats, and intimidation in an attempt to collect debts from Plaintiffs that they did not owe. There is no evidence that the judgment entered against the Plaintiffs in the collection action has been challenged or overturned in the state proceedings.

The Complaint further alleges that MBNA America Bank routinely charges off and sells consumer debt into the debt buying market through various organizations and that, while some consumer debts such as mortgages can be sold for value, credit card contracts are not negotiable instruments. Therefore, they allege the contracts are not amenable to holder-in-due-course law because the sale of a credit card contract "kills or "extinguishes" the debt" which means the Plaintiffs are not indebted to MBNA for the amounts charged on their credit card.

Plaintiffs also contend that, to the extent they had an MBNA credit card, and may have owed MBNA, they filed a procedurally proper billing error dispute, despite which, unknown third party debt collectors have repeatedly violated the Fair Debt Collection Practices Act. It is alleged that they do so by attempting to collect the debt and/or judgment without resolving the billing error dispute, and have done so by making harassing phone calls to Plaintiffs' place of business, even after the Plaintiffs requested they cease and desist doing so.

Plaintiffs allege four predicate acts under RICO, the first three being that MBNA, from a location originating in Wilmington, Delaware on dates from March 21, 2004 through November 12, 2004 uttered false documents through the U.S. Mail Service, with the intention that the Plaintiff rely on the false documents

and that MBNA accomplished this through unknown John and Jane Does, who damaged the Plaintiff's property interests to Plaintiff's detriment of losing money and property in the total amount of $44,408.86.

The fourth predicate act alleges that beginning about March of 2004, and continuing contemporaneously, MBNA Bank facilitated unknown third party debt collectors in a campaign of extortion, who used wire communications to harass intimidate and annoy the Plaintiffs in an attempt to extort money from them.

Plaintiffs allege that this harassment demonstrates that the Defendants are engaged in racketeering and seek a trial by a jury to determine Plaintiffs' damages.

Plaintiffs present the following statements as undisputed issues:

1. MBNA, an enterprise affecting interstate commerce, sued the Plaintiffs claiming they owed a debt certain, which Plaintiffs denied and demanded strict proof thereof.

2. MBNA, by and through counsel, committed fraud by preparing and submitting false documents, with the intention that a court would rely on the false documents and deprive the Plaintiffs of not less than $16,595.57, without submitting anything to establish that the Plaintiffs had a legal duty to MBNA or a subsequent liability to MBNA.

3. MBNA does not have the capacity to avail itself of Washington State courts, and

4. MBNA had not established through a competent fact witness that MBNA was injured by the Plaintiffs.

It is Plaintiffs argument that, in a credit card regime, the contract is an express unilateral contract of adhesion, also known as the Cardholder Agreement and that MBNA's Cardholder Agreement is not valid because it identified only the

MEMORANDUM OPINION AND ORDER
ON MOTIONS FOR SUMMARY JUDGMENT - 3

name of the creditor and did not identify the Plaintiffs as the debtor.

Plaintiffs also argue that MBNA had no standing in a Washington court in its collection action and that MBNA is a subset of a debt collection racket, a wide-spread, far reaching scam involving many attorneys and many judges. The complaint then describes this alleged scam in great detail.

## Summary Judgment Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture,* 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment when, viewing the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the moving party does not have to disprove matters on which the opponent will bear the burden of proof at trial, they nonetheless bear the burden of producing evidence that negates an essential element of the opposing party's claim and also the ultimate burden of persuading the court that no genuine issue of material fact exists. *Nissan Fire & Marine Ins. Co. v. Fritz Companies,* 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party has carried its burden, the opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. C. V. Zenith Radio Corp.,* 475 U.S. 574, 596 (1986). Rather, the opposing party must come forward with specific facts showing that there is a genuine issue for trial. *Id.*

When a court is considering cross-motions for summary judgment, even if both

MEMORANDUM OPINION AND ORDER
ON MOTIONS FOR SUMMARY JUDGMENT - 4

parties agree as to the disputed/undisputed facts, the court must still determine, for itself whether a disputed issue of material fact is present. *Id.* The court must review each cross motion separately and review the evidence in support of each cross motion. *Id.*

## Analysis

It is undisputed that the Plaintiffs had a credit card and that the Defendant obtained an existing judgment for unpaid sums on that credit card and turned it over to third party debt collectors, who attempted to collect the judgment against the Plaintiffs.

It is Plaintiffs' position that thousands of debt buyers buy charged -off credit cards and extort money from parties like the Plaintiffs, by misrepresenting that they are third-party debt collectors for banks such as MBNA.

In order to state a RICO claim, the Plaintiffs must establish that (1) the conduct (2) of an enterprise (3) acting through a pattern of (4) racketeering activity (5) caused them (6) damages. *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir. 1996).

An "enterprise" for purposes of RICO is defined as "any individual, partnership, association or other legal entity and any union or group of individuals associated in fact, although not a legal entity. 18 U.S.C. § 1961(4). The Supreme Court has identified a RICO enterprise as "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette,* 452 U.S. 576, 583 (1981). A plaintiff may demonstrate the existence of an enterprise "by evidence of an ongoing organization, formal or informal, and by evidence that various associates function as a continuous group." An enterprise must, at a minimum, have some sort of structure for the making of decisions and

some mechanisms for controlling and directing the affairs of the group on an on-going, rather than an ac hoc, basis. *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1083 (9th Cir. 2000.)

While the Plaintiffs' Complaint reveals great displeasure with the actions of the debt collectors hired by the Defendant, the use of third-party debt collectors to attempt to collect a debt owed on a valid court-entered judgment does not constitute a RICO "enterprise". It is also absolutely clear that the Defendant Bank and third-party debt collectors are not an ongoing organization functioning as a continuous group  Therefore it is clear that the Plaintiffs have failed to establish the first element of a RICO claim that the Defendant was a party to an enterprise in any way. The second requirement of a RICO violation is a "pattern of racketeering activity" which the Supreme Court has described as the "heart of any RICO Complaint". *Agency Holding Corp. v. Maelley-Duff & Assoc. Inc.* 483 U.S. 143, 154 (1987). The requirement for establishing a "pattern of racketeering activity" is an ongoing continuous relationship with an enterprise plus continuity, or the threat of continuing racketeering activity. This nexus between the racketeering activity and the enterprise is established when there is a "relation between the predicate offenses and the affairs of the enterprise." *United States v. Killip,* 819 F.2d 1542, 1549 (10th Cir. 1987). Because the Plaintiffs have not established an "enterprise", they have not established a "pattern of racketeering activity by an enterprise."

At best, Plaintiffs Complaint attempts to establish a racketeering activity by alleging that MBNA Bank obtained a judgment against them for debts they claim they did not owe because the debts were turned over to third-party debt collectors and that MBNA is the subset of a wide-spread, far-reaching scam involving many

MEMORANDUM OPINION AND ORDER ON
MOTIONS FOR SUMMARY JUDGMENT -6

attorneys and judges who defraud parties such as the Plaintiffs, which is utter hyperbole. Therefore, it is clear that the Plaintiffs have failed to allege a racketeering activity as well as an enterprise.

Having failed to allege the first two requirements of a RICO violation, the court need not concern itself as to whether the Plaintiffs have established the third and fourth elements of a RICO violation, causation and injury

The 9th Circuit has clarified the particularity required of RICO claims. *See Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (1989)(applying the particularity requirements of Fed. R. Civ. Pro 9(b) to RICO claims). Plaintiffs have failed to provide any factual basis to establish that MBNA was an enterprise, which participated in a pattern of racketeering activity. A creditor's attempt to collect a debt owing on a court-entered judgment, even using third -party debt collectors, does not establish an enterprise or an act or a pattern of racketeering activity. If Plaintiffs disputed the amount of debt they owed to MBNA there were clearly valid ways of disputing the amount owed in the court collection matter, however filing a RICO case against the party who obtained a judgment against them is not an appropriate remedy.

By filing a frivolous Complaint, the Plaintiffs have opened themselves up to monetary sanctions, as requested by the Defendants. However, the court will not take that drastic step unless Plaintiffs fail to take this court's advice that filing a Complaint alleging RICO violations against someone attempting to collect on a valid debt owed by the Plaintiffs reduced to a judgment is a frivolous complaint. The time for the Plaintiffs to challenge the claimed debt was in the court hearing that matter.

**IT IS SO ORDERED**. The Clerk is directed to enter this Memorandum

MEMORANDUM OPINION AND ORDER ON
MOTIONS FOR SUMMARY JUDGMENT –7

Opinion and Order, enter Judgment of Dismissal of the Complaint and the claims therein With Prejudice without leave to amend, forward copies to Plaintiffs and to counsel for the Defendant, and close this file.

**DATED** this 17th day of August, 2007.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE